UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE DEUTSCH,<br>   Petitioner,<br><br> v.<br><br>RICK HILL, Warden,<br>   Respondent.<br>_____ | ) NO. ED CV 19-824-JLS (KS)<br>)<br>)<br>) **ORDER ACCEPTING FINDINGS AND**<br>) **RECOMMENDATIONS OF UNITED**<br>) **STATES MAGISTRATE JUDGE**<br>)<br>)<br>) |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, all the records herein, and the Report and Recommendation of United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has raised objections. Pertinent objections are addressed below. Petitioner's objections are overruled.

  In Ground One, Petitioner objects that her right to compulsory process was violated because the victim did not testify at trial. (Dkt. No. 25 at 7-10.) As stated in the Report, however, Petitioner waived her right to compulsory process when her defense counsel elected

1

not to call the victim as a witness at trial. (2 Reporter's Transcript ("RT") 446.) Petitioner does not dispute defense counsel's waiver.

In Ground Two, Petitioner objects that her right to equal protection was violated when the victim's injuries were photographed in the hospital without consent. (Dkt. No. 25 at 11-12.) As discussed in the Report, Petitioner did not meet her burden of showing that the alleged violation of state law in obtaining the photographs was the result of intentional or purposeful discrimination. Although Petitioner argues that current hospital practices for evidence collection in Southern California are more protective of patients' privacy (*id*. at 12), this does not show intentional or purposeful discrimination. It is inapt to compare current hospital practices throughout Southern California with how the victim's injuries were photographed in a Mission Viejo hospital in late 2012. *See Rosenbaum v. City and Cnty. of San Francisco*, 484 F.3d 1142, 1153-54 (9th Cir. 2007) (holding that an "undifferentiated control group" from dissimilar times and places was insufficient to demonstrate discriminatory treatment).

In Ground Three, Petitioner objects that her defense counsel did not have adequate time to prepare for trial. (Dkt. No. 26 at 1-2.) Specifically, the trial court denied a continuance for a hearing pursuant to California Evidence Code § 402 to determine the admissibility of the victim's videotaped statement to investigators. As discussed in the Report, the denial of a continuance did not violate due process because Petitioner's defense counsel failed to prepare for the hearing and ultimately failed to object to the admission of the videotape. Most significantly, the videotape of the victim did not result in prejudice because the victim had nothing but positive things to say about Petitioner.

In Ground Four, Petitioner objects that deadlines were violated during her state habeas proceeding. (Dkt. No. 26 at 3-4.) Because claims of errors during the review process in a state habeas proceeding are not addressable through federal habeas corpus, this claim is not cognizable. Petitioner's reliance on *United States v. Locke*, 471 U.S. 84 (1985), a case

involving deadlines for federal mining claims, is unavailing. *Locke* says nothing about the authority of a federal habeas court to grant relief for a missed deadline, set by state law, in a collateral proceeding in a state habeas court. Rather, a federal habeas court has no authority to grant habeas relief for the alleged violation of state laws. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

In Ground Five, Petitioner objects that the trial court erred in instructing the jury on criminal negligence for the crime of elder abuse. (Dkt. No. 26 at 5-8.) Petitioner argues for the first time that, after her trial ended, the trial court violated her constitutional rights by sending information to the prison that Petitioner's acts involved not merely criminal negligence, but violence that was inflicted intentionally, thereby rendering Petitioner ineligible for post-conviction sentencing relief. (*Id*. at 5-6.) This objection is unavailing because it has nothing to do with whether the instructions given during Petitioner's trial were correct or whether her judgment of conviction was constitutionally infirm.

Moreover, Petitioner objects that the instructional error prejudiced her because she currently is serving a five-year sentence enhancement for intentional violence, not merely criminal negligence. (*Id*. at 7-8.) Although Petitioner did not clearly state this claim in the Petition, it does not warrant habeas relief. Petitioner received a five-year sentence enhancement for the personal infliction of great bodily injury on an elder, in violation of California Penal Code § 12022.7(c). (2 RT 520-21; 3 RT 660.) Contrary to Petitioner's assertion, the enhancement did not require intentional violence. As the California Court of Appeal explained (in rejecting a similar claim of insufficiency of the evidence), the sentence enhancement was supported by the evidence before the jury because Petitioner failed to act, despite having a duty of care and custody for the victim, so as to prevent the victim's injuries. (Lodgment No. 6 at 9-11 (citing *People v. Warwick*, 182 Cal. App. 4th 788, 794-95 (2010).) For similar reasons, Petitioner did not have a right to a jury instruction that the injury upon the victim must be willfully inflicted.

3

**ORDER**

IT IS ORDERED that: (1) the Petition is denied; and (2) Judgment shall be entered dismissing this action with prejudice.

DATED: May 04, 2020

_____
JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE